**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Raymond Graf,                                    **Civil No. 14-1822 (SRN/SER)**

     Plaintiff/Counter-Defendant,

v.                                               **REPORT AND RECOMMENDATION**

Pinnacle Asset Group, LLC,

     Defendant/Counter-Claimant,

and Warren Kelley, individually, Mr. Wells,
individually, and Anthony Morgan,
individually,

     Defendants.

---

     Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, Minnesota 55127, for Plaintiff/Counter-Defendant.

     Janet G. Stellpflug, Wyatt S. Partridge, and Sarah E. Roeder, Esqs., Foley & Mansfield PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, Minnesota 55401, for Defendant/Counter-Claimant.

---

STEVEN E. RAU, United States Magistrate Judge

     The above-captioned case comes before the undersigned on Plaintiff Raymond Graf's ("Graf") Motion to Dismiss Defendant Pinnacle's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(1) ("Motion to Dismiss") [Doc. No. 22]. This matter was referred to the undersigned by the Honorable Susan Richard Nelson pursuant to 28 U.S.C. § 636(b)(1) for a report and recommendation. (Order of Referral) [Doc. No. 30]. For the reasons stated below, the Court recommends granting the Motion to Dismiss.

## I.     BACKGROUND

On June 6, 2014, Graf filed his Complaint against Defendant/Counter-Claimant Pinnacle Asset Group, LLC ("Pinnacle"), alleging numerous violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*, abuse of process, invasion of privacy, and respondeat superior and vicarious liability. (Compl. ¶¶ 113–42) [Doc. No. 1].[1] Graf alleges violations of the FDCPA based on Pinnacle's conduct in attempting to collect an alleged debt, including: Pinnacle's alleged actions in failing to identify itself as a debt collector; making misleading statements regarding its intent to take legal action against Graf; falsely implying that Graf had committed a crime; falsely representing the character, amount, or status of the alleged debt; misrepresenting its ability to seize Graf's assets in the event of non-payment; and communicating with third parties regarding Graf's debt without his consent. (*Id.* ¶¶ 115–21). Similarly, Graf's claims for abuse of process and invasion of privacy are based on "threat[s]" and "harassing debt collection calls" by Pinnacle. (*Id.* ¶¶ 124–33).

Pinnacle answered the Complaint on July 28, 2014, and filed an amended answer and counterclaim on August 19, 2014. (Separate Answer of Def. Pinnacle Asset Group, LLC) [Doc. No. 11]; (First Am. Answer and Countercl. of Def. Pinnacle Asset Group, LLC, "Am. Answer and Countercl.") [Doc. No. 21]. In its Amended Answer and Counterclaim, Pinnacle denies Graf's allegations against it and asserts two counterclaims against Graf. (Am. Answer and Countercl. ¶¶ 113–42 of Ans., ¶¶ 1–18 of Countercl.). Specifically, Pinnacle alleges claims for breach of contract and account stated. (*Id.* ¶¶ 11–18 of Countercl.). With respect to both counterclaims, Pinnacle alleges that "Graf owes Pinnacle . . . , as current owner of [a demand draft] account, [an] outstanding balance of $185.49, plus interest at the rate of 22.00% from and

---

[1] The Court refers only to defendant Pinnacle throughout this Report and Recommendation, as the Motion to Dismiss involves only Pinnacle's counterclaims.

after September 7, 2009, plus incidental and consequential damages." (*Id.* ¶¶ 13, 18 of Countercl.).

In response to the Amended Answer and Counterclaim, Graf filed his Motion to Dismiss, seeking dismissal of Pinnacle's counterclaims on two grounds. *See* (Mot. to Dismiss); (Pl.'s Mem. of Law in Supp. of Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), "Mem. in Supp.") [Doc. No. 24]. First, Graf contends that the counterclaims should be dismissed because Pinnacle has failed to sufficiently plead jurisdiction. (Mem. in Supp. at 4–5). Graf's primary argument, however, is that Pinnacle's counterclaims related to the alleged debt are not compulsory counterclaims, and that, regardless of whether, as permissive counterclaims, the claims come within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), the Court should decline to exercise such jurisdiction "using its discretion conferred by the supplemental jurisdiction statute." (*Id.* at 5–7). Graf argues that "federal consumer protection laws exist to deter bad commercial conduct by providing a statutory recovery to consumers" and that "[e]ntertaining jurisdiction over debt counterclaims against consumers would substantially undermine that goal." (*Id.* at 8).

Pinnacle contends that it "has stated facts sufficiently establishing jurisdiction" and that the Court should exercise its supplemental jurisdiction over Pinnacle's counterclaims, citing "[j]udicial economy, efficiency, and fairness." (Def.'s Mem. in Opp'n to Pl.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), "Mem. in Opp'n") [Doc. No. 27 at 4–7].

On December 5, 2014, the Court held a hearing on the Motion to Dismiss and took the motion under advisement. (Minute Entry Dated Dec. 5, 2014) [Doc. No. 33]. For the reasons described below, the Court concludes that dismissal of Pinnacle's counterclaims is appropriate and therefore recommends granting Graf's Motion to Dismiss.

3

## II.     DISCUSSION

### A.  Legal Standard

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions" where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Here, the Court has original jurisdiction over Graf's FDCPA claims, since these claims arise under federal law. *See* (Compl. ¶¶ 113–22).[2] The Court does not, however, have original jurisdiction over Pinnacle's counterclaims, as Pinnacle's breach of contract and account stated claims arise under state law and the amount in controversy does not exceed the jurisdictionally required $75,000. *See* (Ans. and Countercl. ¶¶ 8–10, 13, 17–18 of Countercl.). Indeed, Pinnacle does not contend that the Court has original jurisdiction over its counterclaims. *See generally* (Mem. in Opp'n). Therefore, if the Court is to exercise jurisdiction over Pinnacle's counterclaims, it must be pursuant to the Court's supplemental jurisdiction.

The supplemental jurisdiction of federal courts is provided for in 28 U.S.C. § 1367. Section 1367(a) provides that

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Section 1367(a) "grants

---

[2] Graf alleges that 28 U.S.C. § 1367(a) provides supplemental jurisdiction over his state law claims. (Compl. ¶ 2). The Court's exercise of jurisdiction over these claims is not at issue in this Report and Recommendation.

federal courts supplemental jurisdiction over claims over which no original jurisdiction exists" and "applies to state law claims brought by a plaintiff as well as to counterclaims brought by a defendant." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005).

While § 1367(a) articulates a general rule requiring "the mandatory exercise of supplemental jurisdiction . . . [s]ubsection (c) provides exceptions to [this] mandatory command, granting district courts discretion to reject supplemental jurisdiction" under certain circumstances. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998). Specifically, district courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a)" when:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Supplemental jurisdiction under § 1367 extends to compulsory counterclaims. *See generally* 13D *Fed. Prac. & Proc. Juris.* § 3567.1 (3d ed. 2014). Federal Rule of Civil Procedure 13(a)(1) defines compulsory counterclaims as those claims that "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." "A pleading must state as a counterclaim" a compulsory counterclaim that, "at the time of service[,] the pleader has against an opposing party." *Id.* In contrast, "a pleading may state as a counterclaim against an opposing party" a permissive counterclaim—that is, "any claim that is not compulsory." *Id.* at 13(b).

The parties have not cited, nor has the Court independently found binding authority that squarely addresses whether supplemental jurisdiction under § 1367(a) extends to permissive counterclaims. Some courts have concluded that supplemental jurisdiction under § 1367(a), addressing claims arising out of the same case or controversy, extends only to compulsory counterclaims, which by definition must arise out of the same transaction or occurrence that is the subject matter of the plaintiff's claim. *Oak Park Trust and Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000); *Hart v. Clayton-Parker and Assoc., Inc.*, 869 F. Supp. 774, 777 (D. Ariz. 1994); *see also* 6 Fed. Prac. & Proc. Civ. § 1422 (3d ed. 2014). Many other courts have concluded, however, that the "case or controversy" language in § 1367(a) provides for supplemental jurisdiction over compulsory counterclaims and "at least some permissive counterclaims." *Global NAPs, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 76 (1st Cir. 2010); *see Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210–14 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384–87 (7th Cir. 1996); *Slaughter v. Alpha Drugs, LLC*, 907 F. Supp. 2d 50, 53–54 (D.D.C. 2012); *Avery v. First Resolution Mgmt. Corp.*, Civil No. 06-1812-HA, 2007 WL 1560653, at *8 (D. Or. May 25, 2007); *Sparrow*, 385 F. Supp. 2d at 1069–70. That is, courts in the latter category have concluded that supplemental jurisdiction extends to those permissive counterclaims that, although not arising from the same transaction or occurrence under Rule 13(a), nonetheless "form part of the same case or controversy" as required under § 1367(a). *See Jones*, 358 F.3d at 212–14; *see also Randall v. Nelson & Kennard*, No. CV-09-387-PHX-LOA, 2009 WL 2710141, at *4–5 (D. Ariz. Aug. 26, 2009).[3] Under this

---

3   *See also Jones*, 358 F.3d at 212–13 ("After section 1367, it is no longer sufficient for courts to assert, without any reason other than dicta or even holdings from the era of judge-created ancillary jurisdiction, that permissive counterclaims require independent jurisdiction."); *Slaughter*, 907 F. Supp. 2d at 53 ("The Plaintiff's assertion that a counterclaim must be compulsory in order to fall within the scope of Section 1367(a) relies on an outdated

6

framework then, the inquiry regarding whether supplemental jurisdiction exists under § 1367 "no longer ends with the compulsive/permissive counterclaim distinction." *Sparrow*, 385 F. Supp. 2d at 1070.

Even if there is, in general, a basis for supplemental jurisdiction over permissive counterclaims, a "pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). "Rule 8(a)(1) is satisfied if the [pleading] 'say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear.'" *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002) (quoting *Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 778 (7th Cir.1994)); *see also Soltan v. Coburn*, Civil No. 09-478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009). In determining whether a

---

understanding of subject matter jurisdiction that was overridden by the enactment of Section 1367 in 1990."); 13D *Fed. Prac. & Proc. Juris.* § 3567.1 (3d ed. 2014) ("Some courts have stated as boilerplate that compulsory counterclaims do invoke supplemental jurisdiction and permissive counterclaims do not. They do so by incorrectly equating *Gibbs* with the transaction or occurrence test of the Civil Rules. *Gibbs* is broader than transaction or occurrence, and embraces all claims with a loose factual connection to the jurisdiction-invoking claim. While it is undoubtedly true that many—perhaps most—permissive counterclaims will not be sufficiently factually related to the underlying case to satisfy [the supplemental jurisdiction standard], courts increasingly recognize that some permissive counterclaims can satisfy § 1367(a). Thus courts should avoid bromides such as the boilerplate concerning permissive counterclaims and engage instead in a meaningful consideration of whether the claim satisfies § 1367(a)." (footnotes omitted)).

The Court acknowledges that in *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 853 F. Supp. 1118, 1146 (D. Minn. 1994) (DEM/JGL), the court stated "[a] federal court has supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require an independent jurisdictional basis." Section § 1367, however, "applies only to cases commenced after December 1, 1990." *Channell*, 89 F.3d at 385. Although the court's decision in *Mille Lacs* was issued in 1994, well after § 1367's effective date, the complaint in *Mille Lacs* was filed in August 1990, before the statute's effective date. The *Mille Lacs* opinion therefore does not cite to or discuss § 1367(a) and its case or controversy standard and does not address the scope of supplemental jurisdiction under this standard. *See Mille Lacs*, 853 F. Supp. at 1146.

claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), the court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). "The burden of proving federal jurisdiction, however, is on the party seeking to establish it . . . ." *Id.*

    B.    Analysis

        1.    **Supplemental Jurisdiction Over Pinnacle's Counterclaims Under § 1367(a)**

As an initial matter, the Court notes that, although Pinnacle initially contended in its briefing that its counterclaims were compulsory, Pinnacle abandoned this theory at oral argument, agreeing with Graf that its counterclaims are permissive counterclaims under Rule 13.[4] This is consistent with the Eighth Circuit's holding in *Peterson v. United Accounts, Inc.*, 638 F.2d 1134 (8th Cir. 1981), in which the court held that the plaintiffs' FDCPA claim was a permissive rather than compulsory counterclaim to a debt collection claim pending in state court. It also consistent with the decisions of many other district courts that have concluded that where a plaintiff asserts claims under the FDCPA, counterclaims for collection of the underlying debt are permissive rather than compulsory in nature. *Whatley v. AHF Fin. Servs., LLC*, No. 4:11-CV-488, 2012 WL 4059906, at *1 (E.D. Tex. Sept. 14, 2012); *Jobe v. Alliance Collection Serv.*, Civil Action No. 1:11CV196-AS, 2012 WL 3985182, at *3 (N.D. Miss. Sept. 11, 2012); *Taylor v. Cavalry Portfolio Servs., LLC*, No. 4:12-CV-263, 2012 WL 4092508, at *2 (E.D. Tex. Aug. 21, 2012); *Marchand v. Chase Bank USA, N.A.*, No. CV 10-09805 DDP (JCx), 2011 WL 1296711, at *1–2 (C.D. Cal. Apr. 5, 2011); *Mostin v. GL Recovery, LLC*, No. SACV 09-0650 AG (ANx),

---

[4]    Pinnacle cited no authority to support its position that its counterclaims are compulsory. *See generally* (Mem. in Opp'n).

2010 WL 668808, at *2–3 (C.D. Cal. Feb. 19, 2010); *Randall*, 2009 WL 2710141, at *3–4; *Avery*, 2007 WL 1560653, at *5–7; *Campos v. W. Dental Servs.*, 404 F. Supp. 2d 1164, 1168–69 (N.D. Cal. 2005); *Sparrow*, 385 F. Supp. 2d at 1068–69; *see also Egge v. Healthspan Servs. Co.*, 115 F. Supp. 2d 1126, 1130–31 (D. Minn. 2000) (ADM/AJB) (concluding that plaintiff's FDCPA claim was a permissive counterclaim in prior state court debt collection lawsuit, so the claim was not barred by the doctrine of res judicata).

Like the FDCPA claims at issue in the above-cited cases, Graf's FDCPA claims, as well as his related state-law claims, are based on the "action[s] taken in an attempt to collect the debt," rather than the validity of the debt, which is at issue in Pinnacle's counterclaims. *See Egge*, 115 F. Supp. 2d at 1130. That is, although the claims are related to the same underlying transaction, "the legal issues and evidence relat[ed] to the claims are considered sufficiently distinct" so as to not arise from the same transaction of occurrence. *See Sparrow*, 385 F. Supp. 2d at 1068; *see also Peterson*, 638 F.2d at 1137 ("While the debt claim and the FDCPA [claim] raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another. Although there is some overlap of issues raised . . . the suit on the debt . . . is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts.").[5]

While the parties agree that Pinnacle's counterclaims are permissive, the Court must still consider whether supplemental jurisdiction exists over the counterclaims. The parties do not

---

[5]  As noted by the court in *Sparrow*, if some permissive counterclaims come within federal courts' supplemental jurisdiction, "[a]rguably it [is] not necessary to engage in the analysis regarding whether . . . counterclaims are compulsory" or permissive when determining whether the claim is within the court's supplemental jurisdiction under § 1367(a). However, given the lack of controlling authority on these issues and because the parties refer to permissive and compulsory counterclaims in their briefing, the Court discusses the distinction and finds it informative, even if no longer dispositive under § 1367(a).

meaningfully dispute the general principle that at least some permissive counterclaims fall within federal courts' supplemental jurisdiction under § 1367(a). *See* (Mem. in Supp. at 6) (noting that case or controversy language for supplemental jurisdiction may be broader than the transaction or occurrence test for compulsory counterclaims); (Mem. in Opp'n at 3–7). And the Court finds persuasive the authority holding that the "case or controversy" standard in § 1367(a) is broader than Rule 13's "transaction or occurrence" standard, so that at least some permissive counterclaims come within the Court's supplemental jurisdiction. *See Global NAPs, Inc.*, 603 F.3d at 76; *Jones*, 358 F.3d at 210–14; *Channell*, 89 F.3d at 384–87; *Slaughter*, 907 F. Supp. 2d at 53–54; *Avery*, 2007 WL 1560653, at *7–8; *Sparrow*, 385 F. Supp. 2d at 1069–70.

Even assuming, however, that some permissive counterclaims may come within the Court's supplemental jurisdiction under § 1367(a), the Court must consider whether Pinnacle's counterclaims in this case are within this category of permissive counterclaims. As noted by the parties, courts have reached different conclusions regarding whether a permissive counterclaim for the collection of the underlying debt in an FDCPA action is the type of counterclaim that falls within the Court's supplemental jurisdiction.

In *Unangst v. Evans Law Assocs., P.C.*, 798 F. Supp. 2d 409, 411–12 (N.D.N.Y. 2011), the court concluded that the plaintiff's claims under the FDCPA and the defendant's counterclaim to collect the underlying debt were "not sufficiently related to form the same case or controversy for purposes of supplemental jurisdiction." *See also Harris v. Jacob Marsh*, *LLC*, No. 12CV356A, 2012 WL 3655357, at *4 (W.D.N.Y. July 6, 2012). In numerous other cases, however, courts have concluded that although not part of the same transaction or occurrence under a compulsory counterclaim rubric, a counterclaim for the underlying debt forms part of the same case or controversy as a plaintiff's claims for abusive debt collection practices under the

FDCPA, because both claims are related to a single debt alleged to have been incurred by the plaintiff. *See, e.g.*, *Marchand*, 2011 WL 1296711, at *2; *Mostin*, 2010 WL 668808 at *3–4; *Randall*, 2009 WL 2710141, at *4–5; *Avery*, 2007 WL 1560653, at *7–8; *Campos*, 404 F. Supp. 2d at 1169; *Sparrow*, 385 F. Supp. 2d at 1070.

Here, the Court finds Pinnacle's permissive counterclaims for the collection of an alleged underlying debt may fall within the Court's supplemental jurisdiction under § 1367(a). As in the above-cited cases, Graf's claims based on Pinnacle's conduct in attempting to collect a debt and Pinnacle's counterclaims for the underlying debt are sufficiently related in a factual sense, so that they "'derive from a common nucleus of operative fact.'" *See Myers*, 429 F.3d at 746 (quoting *Gibbs*, 383 U.S. at 725); *Sparrow* 385 F. Supp. 2d at 1070 ("Because Defendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they are related to a single debt incurred by Plaintiff, supplemental jurisdiction exists over Defendant's counterclaims under § 1367(a)."); *Mostin*, 2010 WL 668808, at *3 (noting that district courts "have found that FDCPA claims and counterclaims for the underlying debt do share a common nucleus"); *cf. Peterson*, 638 F.2d at 1137 (noting that a debt claim and FDCPA claim "may, in a technical sense, arise from the same loan transaction"). Thus, the Court concludes that Graf's claims and Pinnacle's counterclaims form part of the same case or controversy so as to come within the Court's supplemental jurisdiction under § 1367(a).[6]

---

[6] The Court acknowledges that the *Peterson* court stated that a claim for the underlying debt "is not logically related to" the FDCPA action "initiated to enforce federal policy," which may, at first blush, seem contrary to the Court's conclusion that the claim for the underlying debt is part of the same case or controversy under § 1367(a). However, the Eighth Circuit's decision in *Peterson* was issued in 1981, nine years before the current "case or controversy" standard for supplemental jurisdiction in § 1367(a) became effective. *See Sparrow*, 385 F. Supp. 2d at 1070 (noting that § 1367 took effect in 1990). As a result, the *Peterson* court, in addressing whether an FDCPA claim was a compulsory counterclaim to a claim for the underlying debt, did not have before it the question of whether such claims were part of the same case or controversy for

## 2.  Discretion to Decline Supplemental Jurisdiction Over Pinnacle's Counterclaims Under § 1367(c)(4)

Nevertheless, even if the Court's supplemental jurisdiction under § 1367(a) extends to permissive counterclaims and Pinnacle's permissive counterclaims for collection of the alleged underlying debt fall within that jurisdiction, the Court recommends declining to exercise jurisdiction over Pinnacle's counterclaims pursuant to § 1367(c)(4).[7]

Section 1367(c)(4) permits the Court to decline an otherwise appropriate exercise of supplemental jurisdiction over a claim when "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Once again, the analysis of several other district courts is both instructive and persuasive. "A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt." *Sparrow*, 385 F. Supp. 2d at 1071 (citing *Baker v. G.C. Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)); *see also* 15 U.S.C. § 1692(e) (stating that "[i]t is the purpose of [the

---

purposes of supplemental jurisdiction, and therefore had no occasion to draw the distinction the Court draws here—that is, that although not compulsory counterclaims arising from the same transaction or occurrence, Pinnacle's counterclaims are sufficiently related to Graf's claims so as to "form part of the same case or controversy." 28 U.S.C. § 1367(a).

[7]  Assuming that some permissive counterclaims are within the Court's supplemental jurisdiction and having concluded that Pinnacle's permissive counterclaims alleged here are the type of counterclaims within such jurisdiction, the Court also concludes that Pinnacle has sufficiently pled jurisdiction under Rule 8(a)(1). In pleading its counterclaims, Pinnacle alleges that Graf obtained a demand draft account that it now owns, Graf received statements showing the amount due on the account, and "despite demand for repayment, . . . Graf has refused to pay the amount due on the account." (Am. Ans. and Countercl. ¶¶ 2–10, 12, 16–18 of Countercl.).Viewing the allegations in the Amended Answer and Counterclaim in a light most favorable to Pinnacle, the Court concludes that the pleading "say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear" and provides the court with facts that serve as the grounds on which the Court's ability to exercise jurisdiction over the counterclaims depends. *See Gardner*, 294 F.3d at 994 (quoting *Hammes*, 33 F.3d at 778) (reading allegations in complaint together and construing them in favor of non-moving party when concluding that party sufficiently pled grounds for jurisdiction).

FDCPA] to eliminate abusive debt collection practices by debt collectors . . . ."). As noted by the *Sparrow* court, "[t]o allow a debt collector defendant to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits" under the FDCPA. 385 F. Supp. at 1071 (internal quotation marks omitted) (quoting *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 50 (W.D.N.Y. 1987)). "Given the remedial nature of the FDCPA and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of . . . the target of the very legislation under which a FDPCA plaintiff states a cause of action." *Id.* (omission in original) (internal quotation marks omitted). In light of these policy reasons, the *Sparrow* court concluded that the "exceptional circumstances requirement" in § 1367(c)(4) for "an order declining to exercise supplemental jurisdiction" was satisfied, and several other courts have reached the same conclusion. *Id.*; *see, e.g.*, *Marchand*, 2011 WL 1296711, at *2–3; *Mostin*, 2010 WL 668808 at *4–5; *Avery*, 2007 WL 1560653, at *8–9; *Campos*, 404 F. Supp. 2d at 1169–71.

Pinnacle contends that the policy concerns identified by Graf and relied on by many other courts in declining jurisdiction over debt-collection claims in FDCPA actions are unpersuasive and insufficient to outweigh the goals of judicial economy, efficiency, and fairness that would be achieved if the Court exercises supplemental jurisdiction over its counterclaims. (Mem. in Opp'n at 1, 5–6). Pinnacle contends that this is particularly true in this case because Graf "expressly" challenges the validity, existence, or nature of the underlying debt. (*Id.* at 1, 6).

It is true that the goals of judicial economy and efficiency would be served to some extent by this Court's exercise of jurisdiction over Pinnacle's counterclaims, in that "all claims related to [Graf's] alleged . . . debt w[ould] be resolved in a single action." *Randall*, 2009 WL 2710141, at *6. And as Pinnacle notes, at least one court has reasoned that the risk of a chilling effect on

FDCPA claims is lower where, as here, the amount alleged to be owed on the underlying debt is "small." (Mem. in Opp'n at 6) (citing *Koumarian v. Chase Bank USA, N.A.*, No. C-08-4033 MMC, 2008 WL 5120053, at *3 (N.D. Cal. 2008) (involving alleged underlying debt of $3,086.23 plus interest)); *see also* (Am. Answer and Countercl. ¶ 10 of Countercl.) (alleging that Graf owes "an outstanding balance of $185.49 plus interest at a rate of 22.00%). But whether the amount owed on an underlying debt is significant enough to deter a potential FDCPA plaintiff if his debt collector is permitted to assert a claim for the debt, or so "small" that a plaintiff will move forward with his FDCPA action regardless of whether it will provide a federal forum for his debt collector is entirely subjective. Exercising jurisdiction over Pinnacle's counterclaims on the ground that the amount of the alleged underlying debt is minimal in the eyes of Pinnacle, or the Court for that matter, plainly undermines the remedial purpose of the FDCPA and its goal of "protect[ing] individuals from unfair debt collection practices regardless of whether the individual actually owes a debt." *Sparrow*, 385 F. Supp. 2d at 1071 (citing *Baker*, 677 F.2d at 777); *see also Taylor*, 2012 WL 4092508 at *3 (declining to exercise jurisdiction over claim for underlying debt under § 1367(c)(4) where amount of debt was alleged to be $960.82).

In addition, to the extent Pinnacle contends that this Court should exercise supplemental jurisdiction over its counterclaims because Graf challenges the validity, nature, or amount of the underlying debt, the Court is not persuaded. Pinnacle points to places in Graf's Complaint where he alleges Pinnacle violated the FDCPA by misrepresenting "the character, amount, or status" of the alleged debt and where, in conjunction with his state law claims for invasion of privacy and abuse of process, Graf alleges that Pinnacle threatened to file suit against Graf for "an amount not legally owed" or "for a debt not legally owed." *See* (Compl. ¶¶ 48, 124–25, 131). Considering the Complaint in its entirety—which alleges no facts regarding the **creation** of the

underlying debt obligation—the Court cannot read Graf's general references to the amount or status of the debt, or to "an amount not legally owed" or "a debt not legally owed," to place the validity or existence of the alleged underlying debt at issue. That is, Pinnacle's assertions that Graf challenges the validity or existence of the underlying debt, are based on Pinnacle's characterizations of the Complaint rather than on allegations expressly made in the Complaint.

When read in context, the cited allegations, while perhaps involving some aspects of the underlying debt, nonetheless require a focus on Pinnacle's actions in collecting the debt rather than the validity or existence of the debt itself. *See Campos*, 404 F. Supp. 2d at 1170 (declining to exercise jurisdiction over breach of contract counterclaim in FDCPA action even where defendant also asserted affirmative defense of set-off, which would arguably put the same issues raised in the counterclaim before the court); *Avery* 2007 WL 1560653, at *9 (declining to exercise supplemental jurisdiction over the debt-collection counterclaim even where the plaintiff's FDCPA claims "involve[d] alleged . . . attempts to collect amounts not authorized by" the parties' agreement); *see also Marchand*, 2011 WL 1296711, at *1, 3 (declining to exercise supplemental jurisdiction over counterclaim for breach of contract in FDCPA action even when plaintiff also raised state law claims including invasion of privacy). Thus, the portions of Graf's Complaint cited by Pinnacle may support the conclusion that Graf's claims and Pinnacle's counterclaims form part of the same case or controversy so as to bring Pinnacle's counterclaims within the Court's supplemental jurisdiction authority, but the Court is not persuaded that these allegations weigh against the Court's exercise of discretion to decline jurisdiction under § 1367(c)(4).

In sum, the Court concludes that even if Pinnacle's counterclaims for collection of the underlying debt are permissive counterclaims within the Court's supplemental jurisdiction under

§ 1367(a), the assertion of the counterclaims in this action represents an "exceptional circumstance[]" where "there are compelling reasons for declining jurisdiction." *See* § 1367(c)(4). The Court therefore recommends that Graf's Motion to Dismiss be granted and that Pinnacle's counterclaims be dismissed without prejudice.

### III.   RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Raymond Graf's Motion to Dismiss Defendant Pinnacle's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. No. 22] be **GRANTED** and that Defendant Pinnacle Asset Group, LLC's counterclaims be **DISMISSED without prejudice**.

Dated: January 27, 2015

                                                  *s/Steven E. Rau*
                                                STEVEN E. RAU
                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 10, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.